[Civ. No. 1836.  Second Appellate District.—June 14, 1917.]

H. A. INGALLS, Appellant, v. A. P. EYRAUD, Respondent.

ACTION ON CHECK—EVIDENCE—PRIMA FACIE CASE.—In an action on a check given as a deposit on account of the purchase price of real property which the plaintiff sold to the defendant, the introduction of the check in evidence and proof of its nonpayment makes a *prima facie* case for plaintiff, casting on defendant the burden of establishing his affirmative defense of failure of consideration.

ID.—VENDOR AND PURCHASER—DEPOSIT CHECK—FAILURE OF CONSIDERATION.—Where in such an action it is shown that the plaintiff's title to the real property which he had contracted to convey to the defendant was admittedly imperfect on the only date when he made any offer to convey, and where, after such time, and before the commencement of the action, he conveyed to a third person whatever interest he had in the property, the consideration for defendant's deposit check failed and plaintiff could not recover thereon, regardless of the fact that the conveyance to the third person was not made until after the expiration of the period for perfecting the title.

APPEAL from a judgment of the Superior Court of Kern County, and from an order denying a new trial.  Howard A. Peairs, Judge.

The facts are stated in the opinion of the court.

T. N. Harvey, for Appellant.

Chas. N. Sears, for Respondent.

CONREY, P. J.—The plaintiff appeals from the judgment and from an order denying his motion for a new trial. The complaint states a cause of action on a check made by the defendant to the plaintiff on the twenty-sixth day of March, 1913, for the sum of five hundred dollars. Thereafter the defendant notified the bank to refuse payment on the check and payment was refused.

The check was given as a deposit on account of the purchase price of real property in the city of Bakersfield which the plaintiff sold to the defendant. The contract of sale bears the same date as the check, and was made "subject to administration of the John E. Bailey Estate." The terms of sale were stated as follows: "Two days are allowed to examine title and consummate sale, at the termination of said time the balance of said purchase money is due, and payable upon tender of the deed of the property sold. If title is defective, thirty days are allowed to perfect the same, and if after the expiration of said term (unless extended by mutual consent) the title is incurably defective, then the deposit is to be returned. If the sale is not consummated in accordance with the foregoing conditions, the deposit is to be forfeited. Time is of the Essence of this Contract, without recourse." The contract was signed by "H. A. Ingalls, Agent," and by the defendant.

It is admitted that at that time the estate of John E. Bailey, deceased, was in process of administration, and that at the time of his death the title to the real property described in the contract was vested in John E. Bailey. The transcript shows that the decree of distribution in that estate was received in evidence, but the contents of the decree are not definitely shown in the record. The defendant's attorney offered in evidence a document which he described as "the decree of distribution decreeing the property in question here to Matthew Bailey in the estate of John E. Bailey, deceased, on the second day of May, 1913." Although the record before us does not in direct terms establish the fact, we might infer from the course of the testimony and from the argument con-

tained in the briefs that the decree of distribution contained the necessary words of distribution to Matthew Bailey of the property described in the contract. For the purposes of the argument, let it be assumed that this was the fact.

Appellant introduced the check in evidence and proved its nonpayment and that the nonpayment was caused by defendant's orders to the bank. This made a *prima facie* case for the plaintiff, and we agree with his attorney that thereby the burden was cast upon the defendant to establish his affirmative defense, which in substance was that the consideration for the check had failed.

On March 28, 1913, plaintiff tendered to the defendant a grant deed purporting to convey to the defendant the property described in the contract, "subject to the administration of the John E. Bailey." The defendant refused to accept that deed and claimed that the grantors then did not have any right to convey. He also informed the plaintiff that he would be satisfied to receive a quitclaim from Matthew Bailey.

The findings of the court state that the plaintiff thereupon admitted the fact to be that he had not good title and could not convey good title to said property, and that the conveyance so tendered did not convey title thereto to defendant, and that the property was pending administration and distribution under the estate of John E. Bailey, deceased; that the plaintiff thereupon informed the defendant that he would cause a good and sufficient deed of conveyance to said property to be executed and delivered to the plaintiff, conveying and vesting good title to the defendant; that the plaintiff at all times has failed, refused, and neglected to furnish or tender and deliver to the defendant any deed of conveyance not defective, conveying good title to the property described in the contract. These findings are adequately supported by the evidence. The defendant's testimony is positive that no further tender of any deed was made to him by or on behalf of the plaintiff, after the twenty-eighth day of March, 1913. It further appears that on May 7, 1913, the plaintiff executed a deed of grant to one S. Owens conveying the property described in the Eyraud contract, and that in the following month of June, Matthew Bailey executed a grant deed granting the same premises to S. Owens. The facts above stated show not only that the plaintiff's title to the property which he contracted to convey to the defendant was admittedly im-

perfect on the only date when he made any offer to convey to the defendant, but also that after that time and before the commencement of this action he conveyed to a third party whatever interest he had in the premises and thereby placed it beyond his power to perform his contract with the defendant. The fact that plaintiff's conveyance to Owens was not made until a few days after the expiration of the thirty-day period named in the Eyraud contract does not exempt the plaintiff from the effect of his act in making such conveyance. If his title was "incurably defective," then according to the contract the five hundred dollar deposit was to be returned to the defendant. If the defect was capable of remedy, the plaintiff's duty to the defendant with respect thereto was clearly defined. Upon the facts of the case as shown by the evidence and found by the court, the consideration for the check failed and the plaintiff was not entitled to recover thereon.

The judgment and order are affirmed.

James, J., and Works, J., *pro tem.*, concurred.